Dismissed and Memorandum Opinion filed July 9, 2009








Dismissed and Memorandum Opinion filed July 9, 2009.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-01022-CV

_______________

 

In the Matter of Jo Ann Ortman 

                                                                                                                                               


On Appeal from the County Court at Law
No. 1

Fort Bend County, Texas

Trial Court Cause No. 34731

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

This
appeal arises from the dismissal of an application for a protective order filed
by a mother on behalf of her then-juvenile daughter.  See Tex. Code Crim. Proc. Ann. art.
7A.01(a) (Vernon Supp. 2008).  Because the daughter is now over 17, we asked
the parties to file letter briefs addressing the issue of standing under the controlling
statute. See id. (providing that a parent may file an application for a
protective order on behalf of a child younger than 17).  The parties= responses do not demonstrate that
the mother has standing to prosecute this appeal. 








Where,
as here, standing is conferred legislatively, the statute provides the
framework for a standing analysis.  See Tex. Dep=t of Protective & Regulatory
Servs. v. Sherry, 46
S.W.3d 857, 861B62 (Tex. 2001); Mazon Assoc., Inc. v. Comerica Bank,
195 S.W.3d 800, 803 (Tex. App.CDallas 2006, no pet.).  Although the mother had standing
under the statute to seek a protective order on her daughter=s behalf, she no longer does.  See
Tex. Code Crim. Pro. Ann. art.
7A.01(a).  Moreover, the daughter has not sought to intervene in this appeal to
assert her own rights.[1]  Cf.
Wilkinson v. Wilkinson, No. 01-96-00219-CV, 1998 WL 175885, at *1 (Tex.
App.CHouston [1st Dist.] Apr. 2, 1998, no
pet.) (op. on reh=g, not designated for publication) (concluding that mother
lost standing to seek accounting of son=s trust fund when son turned 18 and
son did not intervene to assert his own rights).

After
thoroughly reviewing the record and briefing of the parties, we conclude that
the mother no longer has standing to prosecute this appeal.  Thus,  this
appeal, as filed, must be dismissed for want of jurisdiction.  

 

PER CURIAM

 

 

Panel
consists of Justices Yates, Guzman, and Sullivan.









[1]  We note that, on the motion of a party, the
appellate court may order substitution of a party if necessary.  See Tex. R. App. P. 7.1(b).